## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| ELVY WOODARD; WILLIAM ADAMS a/k/a )<br>GORDON KEITH; ALAN MICHAEL ROGERS)<br>and RIPPLES AND WAVES; ) | |
| ) | |
| **Plaintiffs** ) | **CAUSE NO. 1:03-CV-0844DFH-VSS** |
| **v.** ) | |
| ) | |
| MICHAEL JACKSON; TITO JACKSON; )<br>MARLON JACKSON; JACKIE JACKSON; )<br>JERMAINE JACKSON; JOSEPH JACKSON )<br>THE JACKSON FIVE; UNIVERSAL MUSIC )<br>GROUP, a California corporation, as successor )<br>in interest to MOTOWN RECORD )<br>CORPORATION, a dissolved Michigan )<br>Corporation, and MOTOWN RECORD )<br>CORPORATION OF CALIFORNIA, INC., a )<br>dissolved California corporation; and DOES 1 )<br>THROUGH 100, inclusive; ) | |
| ) | |
| **Defendants.** ) | |

## AMENDED COMPLAINT AND JURY DEMAND

Come now Plaintiffs, Elvy Woodard; William Adams a/k/a Gordon Keith; Alan Michael

Rogers; and RIPPLES AND WAVES, by counsel, and pursuant to Rule 15(a) of the Federal

Rules of Civil Procedure ("Fed. R. Civ. P."), and file their Amended Complaint and Jury

Demand against Defendants Michael Jackson; Tito Jackson; Marlon Jackson; Jackie Jackson;

Jermaine Jackson; Joseph Jackson; the Jackson Five; Universal Music Group, as successor in

interest to Motown Record Corporation, a dissolved Michigan Corporation, and Motown Record

Corporation of California, Inc., a dissolved California corporation; and DOES 1 through 100, and

in support hereof allege and state as follows:

40.    Plaintiffs incorporate by reference rhetorical paragraphs 1 through 39 of their original Complaint and Jury Demand (filed on or about June 6, 2003), including all Exhibits thereto, as if fully set forth herein.

41.    Since at least as early as July 3, 2000, the Defendants have been selling and continue to sell, on the open market, the infringing CD embodying false and misleading statements which continue to perpetuate the myth that the Jackson Five formerly performed under the name RIPPLES AND WAVES.

42.    Investigation in regards to Plaintiffs' case has established that there is widespread confusion in the music industry wherein an overwhelming number of sources falsely believe that the members of the Jackson Five initially started out their music career performing under the name "RIPPLES AND WAVES" and/or "RIPPLES AND WAVES PLUS MICHAEL".

43.    Sources that have fallen victim to said false belief (*see, e.g.,* the immediately afore stated rhetorical paragraph) include, but are not limited to, the Rock and Roll Hall of Fame which is a very powerful organization within the music industry.

44.    None of the Defendants herein have taken any effective steps to remedy the confusion and therefore said confusion continues to spread throughout the music industry and to the public at large.

## COUNT I:
## LANHAM ACT § 43(a)

45.     Plaintiffs incorporate by reference rhetorical paragraphs 1 through 44 (i.e., all of the afore stated paragraphs) as if fully set forth herein and further allege and state as follows:

46.     Section 43(a) of the Federal Lanham Act, 15 U.S.C. § 1125(a), provides that:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

47.     Defendants and each of them in connection with the CD have falsely represented to the music trade and to the public generally that the Jackson Five Defendants were originally named RIPPLES & WAVES before adopting the name Jackson Five, and have caused and procured the same to be transported and used in commerce.

48.   Defendants and each of them have affixed, applied and used in connection with the CD a false designation of its origin, and have caused and procured the same to be transported and used in commerce.

49.   That as a result of the aforementioned conduct of Defendants' the Plaintiffs have been damaged.

50.   By Defendants' afore stated misconduct, Defendants have violated provisions of Section 43(a) of the Federal Lanham Act and are liable to Plaintiffs thereunder.

51.   **WHEREFORE,** the Plaintiffs seek the following relief:

    a.   For the Court to assume jurisdiction over this cause;

    b.   A declaration that such conduct is unlawful;

    c.   That Defendants, their officers, their agents, servants, employees, attorneys, and all others (including subsidiaries) in active concert or participation with them be permanently enjoined from using the name RIPPLES AND WAVES or any other colorable imitation of it in connection with musical recordings; *see, e.g.,* 15 U.S.C. § 1116;

    d.   That Defendants be directed to file with the Court and serve on Plaintiffs within thirty (30) days after the afore requested injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction; *see, e.g.,* 15 U.S.C. § 1116;

    e.   That Defendants and all others acting in concert with them, be directed to account and pay over to Plaintiffs all gains, profits, and advantages realized by them and others acting with them from use of the name RIPPLES AND WAVES

or any colorable imitation of it in connection with the sale of the CD; *see, e.g.,* 15 U.S.C. § 1117;

f.      That Defendants and all others acting in concert with them, be directed to pay to Plaintiffs all compensatory damages suffered by Plaintiffs; *see, e.g.,* 15 U.S.C. § 1117;

g.      That all profits and/or damages be trebled; *see, e.g.,* 15 U.S.C. § 1117;

h.      That Defendants and all others acting in concert with them, be directed to deliver up for destruction all materials and things bearing the name RIPPLES AND WAVES or any colorable imitation of it; *see, e.g.,* 15 U.S.C. § 1118;

i.      Remedial advertising as discussed below in rhetorical paragraphs 83 through 90 (i.e., all of the paragraphs under the subheading entitled "PRAYER(S) FOR REMEDIAL ADVERTISING"), which paragraphs are incorporated by reference as if fully set forth herein;

j.      That Defendants pay Plaintiffs costs of this action and reasonable attorneys' fees, with interest; *see, e.g.,* 15 U.S.C. § 1117;

k.      All other just and proper relief.

## COUNT II:
## COMMON LAW UNFAIR COMPETITION

52.     Plaintiffs incorporate by reference rhetorical paragraphs 1 through 51 (i.e., all of the afore stated paragraphs) as if fully set forth herein and further allege and state as follows:

53.   Defendants have passed off upon the public the CD as seemingly affiliated, connected associated, sponsored and/or authorized or approved by Plaintiffs, all in violation of Plaintiffs rights against unfair competition arising under the common law of the state of Indiana.

54.   The effect of Defendants' afore stated misconduct has been to confuse and deceive the public into believing that the Jackson Five are or were the RIPPLES AND WAVES.

55.   By Defendants' afore stated misconduct, Defendants have unfairly gained commercial advantages and enhanced market demands for their various goods and services generally and the CD in particular.

56.   As a result of Defendants' afore stated misconduct, Plaintiffs have been damaged.

57.   **WHEREFORE,** the Plaintiffs seek the following relief:

a.   For the court to assume jurisdiction over this cause;

b.   A declaration that such conduct is unlawful;

c.   An award of actual and compensatory damages to the Plaintiffs to adequately compensate them for their injuries;

d.   Punitive damages to deter Defendants and all others similarly situated from like conduct in the future;

e.   That Defendants, their officers, their agents, servants, employees, attorneys, and all others (including subsidiaries) in active concert or participation with them be permanently enjoined from using the name RIPPLES AND WAVES

or any colorable imitation of it for any purpose without written authorization from Plaintiffs;

f.      That Defendants, their agents, servants, employees, and all others (including subsidiaries), in active concert or participation with them, be permanently enjoined from committing acts of unfair competition against Plaintiffs;

g.      That Defendants and all others acting in concert with them, be directed to account and pay over to Plaintiffs all gains, profits, and advantages realized by them and others acting with them from use of the name RIPPLES AND WAVES or any colorable imitation of it in connection with the sale of the CD;

h.      That Defendants and all others acting in concert with them, be directed to pay to Plaintiffs all compensatory damages suffered by Plaintiffs;

i.      That all profits and/or damages be trebled;

j.      Remedial advertising as discussed below in rhetorical paragraphs 83 through 90 (i.e., all of the paragraphs under the subheading entitled "PRAYER(S) FOR REMEDIAL ADVERTISING"), which paragraphs are incorporated by reference as if fully set forth herein;

k.      That Defendants and all others acting in concert with them, be directed to pay to Plaintiffs all costs and attorneys' fees connected with this action;

l.      All other just and proper relief.

## COUNT III:
## RIGHTS OF PUBLICITY

58.   Plaintiffs incorporate by reference rhetorical paragraphs 1 through 57 (i.e., all of the afore stated paragraphs) as if fully set forth herein and further allege and state as follows:

59.   Plaintiffs own the rights of publicity in the name RIPPLES AND WAVES; *see, e.g.,* Indiana Code Section 32-36-1 et seq.

60.   Defendants and each of them have affixed, applied and used in connection with the CD Plaintiffs' RIPPLES AND WAVES name for a commercial purpose without permission or approval from the Plaintiffs, all in violation of Plaintiffs' rights of publicity; *see, e.g.,* Indiana Code Section 32-36-1 et seq.

61.   As a result of the aforementioned conduct of Defendants' the Plaintiffs have been damaged.

62.   By Defendants' afore stated misconduct, Defendants are liable to Plaintiffs; *see, e.g.,* Indiana Code Section 32-36-1 et seq.

63.   **WHEREFORE,** the Plaintiffs seek the following relief:

   a.   For the court to assume jurisdiction over this cause;

   b.   A declaration that such conduct is unlawful;

   c.   Punitive damages to deter Defendants and all others similarly situated from like conduct in the future;

   d.   That Defendants, their officers, their agents, servants, employees, attorneys, and all others (including subsidiaries) in active concert or participation

with them be permanently enjoined from using the name RIPPLES AND WAVES

or any colorable imitation of it for any purpose without written authorization from

Plaintiffs; *see, e.g.,* Indiana Code Section 32-36-1-12;

e.      That Defendants and all others acting in concert with them, be directed to

account and pay over to Plaintiffs all gains, profits, and advantages realized by

them and others acting with them from use of the name RIPPLES AND WAVES

or any colorable imitation of it in connection with the sale of the CD; *see, e.g.,*

Indiana Code Section 32-36-1-10;

f.      That Defendants and all others acting in concert with them, be directed to

pay to Plaintiffs all compensatory damages suffered by Plaintiffs; *see, e.g.,*

Indiana Code Section 32-36-1-10;

g.      That Defendants and all others acting in concert with them, be directed to

pay to Plaintiffs a minimum of all statutory damages to which Plaintiffs is

entitled; *see, e.g.,* Indiana Code Section 32-36-1-10;

h.      That all profits and/or damages be trebled; *see, e.g.,* Indiana Code Section

32-36-1-10;

i.      Remedial advertising as discussed below in rhetorical paragraphs 83

through 90 (i.e., all of the paragraphs under the subheading entitled "PRAYER(S)

FOR REMEDIAL ADVERTISING"), which paragraphs are incorporated by

reference as if fully set forth herein;

j.      That Defendants and all others acting in concert with them, be directed to pay to Plaintiffs all costs and attorneys' fees connected with this action; *see, e.g.,* Indiana Code Section 32-36-1-12;

k.      All other just and proper relief.


## COUNT IV:
## CIVIL AIDING AND ABETTING

64.    Plaintiffs incorporate by reference rhetorical paragraphs 1 through 63 (i.e., all of the afore stated paragraphs) as if fully set forth herein and further allege and state as follows:

65.    Defendants and each of them have aided and abetted each other to contribute to the accomplishment of the afore stated unlawful acts.

66.    As a result of the contributory conduct of Defendants the Plaintiffs have been damaged.

67.    **WHEREFORE,** the Plaintiffs, seek the following relief:

a.      For the court to assume jurisdiction over this cause;

b.      A declaration that such conduct is unlawful;

c.      An award of actual and compensatory damages to the Plaintiffs to adequately compensate them for their injuries;

d.      That Defendants, their officers, their agents, servants, employees, attorneys, and all others (including subsidiaries) in active concert or participation with them be permanently enjoined from using the name RIPPLES AND WAVES

for or any colorable imitation of it any purpose without written authorization from Plaintiffs;

e.    That Defendants and all others acting in concert with them, be directed to account and pay over to Plaintiffs all gains, profits, and advantages realized by them and others acting with them from use of the name RIPPLES AND WAVES or any colorable imitation of it in connection with the sale of the CD;

f.    That Defendants and all others acting in concert with them, be directed to pay to Plaintiffs all compensatory damages suffered by Plaintiffs;

g.    Punitive damages to deter Defendants and all others similarly situated from like conduct in the future;

h.    Trebling of all profits and/or damages;

i.    Remedial advertising as discussed below in rhetorical paragraphs 83 through 90 (i.e., all of the paragraphs under the subheading entitled "PRAYER(S) FOR REMEDIAL ADVERTISING"), which paragraphs are incorporated by reference as if fully set forth herein;

j.    That Defendants and all others acting in concert with them, be directed to pay to Plaintiffs all costs and attorneys' fees connected with this action;

k.    All other just and proper relief.

## COUNT V:
## CIVIL CONSPIRACY TO UNLAWFULLY USE
### THE RIPPLES AND WAVES NAME

68.     Plaintiffs incorporate by reference rhetorical paragraphs 1 through 67 (i.e., all of

the afore stated paragraphs) as if fully set forth herein and further allege and state

as follows:

69.     Defendants and each of them have conspired together to accomplish afore stated

unlawful acts and used the RIPPLES AND WAVES name in commerce without

authorization.

70.     As a result of the conspiratorial conduct of Defendants the Plaintiffs have been

damaged.

71.     **WHEREFORE,** the Plaintiffs, seek the following relief:

a.      For the court to assume jurisdiction over this cause;

b.      A declaration that such conduct is unlawful;

c.      An award of actual and compensatory damages to the Plaintiffs to

adequately compensate them for their injuries;

d.      That Defendants, their officers, their agents, servants, employees,

attorneys, and all others (including subsidiaries) in active concert or participation

with them be permanently enjoined from using the name RIPPLES AND WAVES

for or any colorable imitation of it any purpose without written authorization from

Plaintiffs;

e.      That Defendants and all others acting in concert with them, be directed to

account and pay over to Plaintiffs all gains, profits, and advantages realized by

them and others acting with them from use of the name RIPPLES AND WAVES

or any colorable imitation of it in connection with the sale of the CD;

f.      That Defendants and all others acting in concert with them, be directed to

pay to Plaintiffs all compensatory damages suffered by Plaintiffs;

g.      Punitive damages to deter Defendants and all others similarly situated

from like conduct in the future;

h.      Trebling of all profits and/or damages;

i.      Remedial advertising as discussed below in rhetorical paragraphs 83

through 90 (i.e., all of the paragraphs under the subheading entitled "PRAYER(S)

FOR REMEDIAL ADVERTISING"), which paragraphs are incorporated by

reference as if fully set forth herein;

j.      That Defendants and all others acting in concert with them, be directed to

pay to Plaintiffs all costs and attorneys' fees connected with this action;

k.      All other just and proper relief.


### COUNT VI:
### UNJUST ENRICHMENT
### (Monies and Other Consideration)

72.     Plaintiffs incorporate by reference rhetorical paragraphs 1 through 71 (i.e., all of

the afore stated paragraphs) as if fully set forth herein and further allege and state

as follows:

73.     Plaintiffs are informed and believe and based thereon allege that as a result of the

unlawful use of the name RIPPLES AND WAVES in connection with the CD,

that Defendants have received money, rights to receive money, and/or other valuable consideration and have been unjustly enriched at the expense of Plaintiffs, and Defendants will continue to receive money, rights to receive money, and/or other valuable consideration in the future from the distribution, sale, licensing and/or other exploitation of the CD.

74.    Defendants, and each of them, have been unjustly enriched and benefitted as a result of their herein above alleged wrongful acts.

75.    Such unjust enrichment and benefits include, but are not limited to Plaintiffs' share of any and all royalties, fees and or other monies or consideration due, earned, or received from the manufacture, distribution, sale, licensing and/or exploitation of the CD and any other merchandise using or incorporating the name "RIPPLES AND WAVES".

76.    As a direct and proximate result of Defendants' wrongful and illegal conduct as alleged herein, Defendants hold any and all monies, rights, and/or other consideration due and owing to Plaintiffs from the unauthorized use of the name RIPPLES AND WAVES, and all monies, rights, and/or other consideration received from the commercial use of the of the name RIPPLES AND WAVES, plus interest on said amount, as an involuntary constructive trustee in constructive trust for Plaintiffs.

77.    Defendants, and each of them, are under an obligation to pay Plaintiffs, forthwith, the entire amount by which they have been unjustly enriched and Plaintiffs are

further entitled to the imposition of a constructive trust as to the entire amount by which the Defendants have been unjustly enriched.

78.    **WHEREFORE,** the Plaintiffs, seek the following relief:

   a.    For the court to assume jurisdiction over this cause;

   b.    A declaration that such conduct is unlawful;

   c.    For general and special damages, together with interest thereon at the legal rate, the exact sum subject to proof at the time of trial;

   d.    For an order that Defendants hold any and all monies and/or consideration due and owing to Plaintiffs from Defendants' unlawful conduct, plus interest on said amount, as involuntary constructive trustee in constructive trust for Plaintiffs;

   e.    Punitive damages to deter Defendants and all others similarly situated from like conduct in the future;

   f.    All other just and proper relief.


## COUNT VII:
## UNJUST ENRICHMENT
### (Goodwill and History)

79.    Plaintiffs incorporate by reference rhetorical paragraphs 1 through 78 (i.e., all of the afore stated paragraphs) as if fully set forth herein and further allege and state as follows:

80.    Plaintiffs have been damaged by the aforesaid confusion because their goodwill, history, and/or identity as the "RIPPLES AND WAVES" has been

Page 15 of 20

misappropriated, converted, and/or stolen, and Defendants Michael Jackson and Jackson Five have improperly received credit for Plaintiffs' contributions to the music industry.

81. As a result of the wrongful acts of the Defendants, and each of them, as herein above alleged, the Defendants, and each of them, have been unjustly enriched and benefitted by the misappropriation, conversion, and/or theft of Plaintiffs' goodwill, history, and/or identity as the "RIPPLES AND WAVES".

82. **WHEREFORE,** the Plaintiffs, seek the following relief:

   a. For the court to assume jurisdiction over this cause;

   b. A declaration that such conduct is unlawful;

   c. For general and special damages, together with interest thereon at the legal rate, the exact sum subject to proof at the time of trial;

   d. Remedial advertising as discussed below in rhetorical paragraphs 83 through 90 (i.e., all of the paragraphs under the subheading entitled "PRAYER(S) FOR REMEDIAL ADVERTISING"), which paragraphs are incorporated by reference as if fully set forth herein;

   e. Punitive damages to deter Defendants and all others similarly situated from like conduct in the future;

   f. All other just and proper relief.

## PRAYER(S) FOR REMEDIAL ADVERTISING

83.   Plaintiffs incorporate by reference rhetorical paragraphs 1 through 82 (i.e., all of the afore stated paragraphs) as if fully set forth herein and further allege and state as follows:

84.   An injunction may be "mandatory," commanding the performance of an act.

85.   If the Defendants, and each of them, individually and jointly, engage in remedial advertising, including issuing official written press releases to the media informing the music industry and the public at large that Defendants Michael Jackson; Tito Jackson; Marlon Jackson; Jackie Jackson; Jermaine Jackson; and the Jackson Five never performed under the names RIPPLES AND WAVES and/or RIPPLES AND WAVES PLUS MICHAEL, it would help to eliminate the confusion regarding the name RIPPLES AND WAVES.

86.   The remedial advertising sought by Plaintiffs is equitable in nature and there is not an adequate remedy at law.

87.   Plaintiffs have a reasonable likelihood of success in regards to merits of this lawsuit.

88.   The harm to Plaintiffs due to the aforementioned confusion outweighs the potential harm to the Defendants if ordered engage in the remedial advertising.

89.   It is in the public interest to correct the aforementioned confusion that currently exists in the music industry, so that an accurate historical account regarding these matters can be established.

90.  **WHEREFORE**, Plaintiffs pray that this court enter a judgment for equitable

relief in their favor and against Defendants, and each of them, as follows:

a.      Mandatory injunction, commanding the Defendants to issue press

releases which state that the Jackson Five never performed under

the name RIPPLES AND WAVES and/or RIPPLES AND

WAVES PLUS MICHAEL, and that the Plaintiffs herein are in

fact the true RIPPLES AND WAVES;

b.      All other just and proper relief.

**JURY DEMAND**

Further, Plaintiffs respectfully demand a trial by jury for all the issues so triable.

Respectfully submitted,

Norman L. Reed,
Indiana Attorney No. 20651-49

REED & SMITH,
Attorneys at Law
120 E. Market Street, Suite 719
Indianapolis, IN 46204
Phone: (317)972-REED (7333)
Fax:    (317)972-0745

Gerald W. Roberts,
Indiana Attorney No. 19540-49

INDIANO VAUGHAN ROBERTS &
FILOMENA, P.A.
A Professional Association
One North Pennsylvania Street, Suite 850
Indianapolis, IN 46204
Phone: (317)822-0033
Fax:    (317)822-0055

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **Amended Complaint and Jury Demand** has been duly served upon the following by U.S. Mail postage pre-paid this _17th_ day of July, 2003:

Ron E. Elberger
Andrew M. McNeil
**BOSE MCKINNEY & EVANS, LLP**
2700 First Indiana Plaza
135 N. Pennsylvania Street
Indianapolis, IN 46204

Scott D. Himsel
Kathy Lynn Osborn
**BAKER & DANIELS**
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204-1782

Tito Jackson
Marlon Jackson
Jackie Jackson
c/o Oran J. Warshavsky
**GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECCHIONE**
One Pennsylvania Plaza
37th Floor
New York, NY 10119-3701

Norman L. Reed

Norman L. Reed, Esq.
**REED & SMITH, Attorneys at Law**
120 E. Market Street, Suite 719
Indianapolis, Indiana 46204
Telephone: (317) 972-REED (7333)
Facsimile:  (317) 972-0745

AmendedComplaint.nlr.wpd

Page 20 of  20